UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROSS W. BROWN, | Civil Action No. 25-15467 (SDW) |
| Plaintiff, | |
| v. | OPINION |
| MIDDLESEX COUNTY ADULT CORRECTIONAL CENTER, et al., | |
| Defendants. | |

**IT APPEARING THAT:**

1. On or about September 11, 2025, *pro se* Plaintiff Ross W. Brown, a pretrial detainee confined in Middlesex County Adult Correctional Center ("Center"), filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). This Court granted Plaintiff's *in forma pauperis* application on October 10, 2025. (ECF No. 6).

2. The Prison Litigation Reform Act requires a district court to *sua sponte* screen a civil complaint filed by a prisoner proceeding *in forma pauperis* for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2).

3. To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action

will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

4. This Court "must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023). Moreover, "[c]omplaints filed pro se should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). However, "*pro se* litigants must still allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

5. Plaintiff alleges that he has been subjected to various forms of unconstitutional punishment in the Center. (ECF No. 1 at 6). He includes generalized allegations of poor conditions, harassment, mail interference, inadequate medical treatment, interference with religious practice, being drugged, being denied counsel, false arrest, and malicious prosecution. (*Id.* at 6-7; ECF No. 7 at 1). However, Plaintiff has not provided any facts supporting these claims or indicating which defendant is liable for each allegation.

6. Plaintiff submitted several letters to this Court requesting to add people as defendants. (ECF Nos. 8, 9, 10). "Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims." *Bryant v. Raddad*, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) (internal quotation marks omitted). "Thus, a plaintiff proceeding in federal court must present all allegations in a single pleading that clearly identifies the defendants, states the basis for his claims, and states the relief he seeks from the Court." *In re Hall*, 2022 WL 2067957, at *2 (E.D. Pa. June 8, 2022).

7. Additionally, Plaintiff must allege facts that support a reasonable inference that proposed defendants have "personal involvement in the alleged wrongs" through "[a]llegations of participation or actual knowledge and acquiescence ... made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). There is no vicarious liability under § 1983. *Id.*

8. Plaintiff does not include any specific allegations against the defendants in his supplemental letters. Therefore, this Court will not add those defendants to the proceedings. If Plaintiff wishes to add additional claims or defendants to this matter, he must file a motion to amend the Complaint in compliance with Federal Rule of Civil Procedure 15.

9. There is one exception to Plaintiff's failure to state a claim. The Complaint makes specific allegations of sexual assault against Dr. Matthews, Officer Sirantino, Sergeant Finn, Candice Race, and Sergeant Woods. (ECF No. 1 at 10-11). Accepting the facts alleged in the Complaint as true for screening purposes only, this Court will permit the Complaint to proceed against those defendants.

10. This Court will dismiss the Center as a defendant because a county jail is not a proper defendant in a § 1983 action. *See Grabow v. Southern State Correctional Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989).

11. To the extent Plaintiff seeks relief in the form of an order releasing him from the Center, (ECF No. 7), this Court cannot order that form of relief in a civil rights action. Plaintiff must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This Court declines to create a new action at this time, but will instruct the Clerk to mail Plaintiff a blank § 2241 form as well as an application to proceed *in forma pauperis* in a habeas case.

12.     An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: November 12, 2025